and we will now call the next case. Number 20-11141 Alabama Aircraft Industries Inc. versus Boeing Company. Thank you your honor. Lori Webb Daniel here representing Alabama Aircraft also known as PEMCO and I'll refer to my client as PEMCO for purposes of this argument. I'd like to start by I thank the court for that and I actually thank Boeing for its supplemental authorities submitted yesterday evening because what what it this has done it has caused me to focus even more in on this question and so the court cited some some case law and the Etheridge decision cited by the it looks to the Alabama test for determining whether a statute of limitations is procedural and thus the law of the forum controls or whether it is substantive. Now the test is it's sometimes called a built-in test but it it's called that because the test is in effect where you have a statute of limitations and the statute of limitations is a constitutional right of creation setting out a claim cause of action statutorily. The limitation period is and the limitation period is so inextricably bound bound up with the statute in the statute creating the right then that's a substantive statute of limitations and the substantive law of that state applies. Again it's often referred to as a built-in statute of limitations and where you have a built-in statute of limitations it is substantive. Now there's a recent somewhat recent district court decision out of the northern district of Alabama it's Johnson versus BPS direct at 2020 Westlaw 639-5571 and the reason I like that decision your honors is because it gives the history the evolution the history of this rule in in Alabama and it discusses Etheridge it discusses the Alabama Supreme Court's decision in Sanders and before that battles all of those are built in address built-in statutes of limitations and it so let's let me just turn before any more time passes to the statute we're dealing with now Missouri Uniform Trade Secrets Act that's at 417.461 it's titled time limitation and then it's also got something about continuing misappropriation and it's important because it says in mandatory language that the claim shall be brought shall be brought within five years of when the misappropriation was discovered or could have been but it also goes on and says a continuing misrepresentation constitutes a single claim it is defining it is defining the claim what is the claim and of course you also have other statutory provisions you've got yeah the statute mutes as we call it it has statutory definition of trade secrets defining the claim it provides new claims for royalties for misappropriation defines clarifies statutory it's got a creates a punitive damages claim which has its own standard evil motive if I can fast forward you a little bit let's assume I agree with you with where you're headed or where you've been headed that it's substantive for purposes of the statute of limitations under the analysis in Etheridge still then we have to apply the lex loci delecti test under Alabama law correct well your honor we argue that as an alternative but if you do agree that the Alabama lex you know place of the last event that's what Alabama statute sorry case law has established and that's what the U.S. bank decision was all can I back up for a second why is that an alternative because as I understand it so our decision of whether the statute of limitations is procedural or substantive takes us down one of two roads if it's procedural then it's clear that Alabama law applies the two year statute limitation applies and and then we would affirm the district court if it's substantive that doesn't end the question does it and correct me if I'm wrong I'm asking I don't know as I understand it if it's substantive then we ask under Alabama's choice of law under the lex loci delecti which state's law applies Missouri or Alabama do I have that right or if it's substantive you win and and that's it either way your honor either way because here we have misappropriation and that claim becomes actionable upon the misappropriation which the record shows occurred at Boeing's headquarters in St. Louis Missouri that's where the you know there still needs to be damage though doesn't there no no no no your honor actually not you can have a claim for injunctive relief and then in addition I mean royalties are are you know a payment of the of the enrichment the you know what the it's it's a it's a a loss so uh the claim does not require uh an injury um a financial injury that sort of thing and this is consistent isn't it you have to show injury but not damages is that your argument well that's injury injury would be an element thank you thank you your honor it's not financial injury that you have to show necessarily it's the harm occurs when somebody steals your property and that's Alabama law conversion um as well as uh uh other types of misappropriation it's just very well established it's where that happens where someone you know converts where the where they steal the property and that happened at the command center at the uh St. Louis headquarters it occurred in Missouri so therefore uh under that analysis the theft would have happened that in Missouri but wouldn't the injury have happened in where that person was injured in the sense at headquarters in Alabama uh your honor the injury is when somebody steals your your property that injures you and so uh that's why stealing the the uh proprietary information in Missouri puts Missouri uh there as let me let me ask it this way imagine you know we're not talking about trade secrets but instead just flat cash so I have cash that's sitting in a bank deposit box in a local bank in Missouri um and uh somebody goes in and takes that money um from my bank account in Missouri or my safe deposit box and puts it in their home um where am I I understand the theft happened in in Missouri but aren't I injured in my home in other words I am now short in my home a hundred thousand dollars that I didn't have before right your honor you're injured when the property is taken and that's that's consistent with Alabama law and we've cited there's no doubt the when you're there's no doubt you're right on the when I just the where I am injured aren't I injured where I am and that that is it's it's where the the last act occurs that gives rise to the claim and that is the theft gives rise to the claim so I also would like to law it is not uh looking to just interpretation of the contract it's also looking uh at at at the rights and relations of the parties uh so for that that reason it designates Missouri law so it should apply I'd like to uh save my remaining time for rebuttal thank you miss Daniel uh council for vowing you may begin you're muted sir still muted sorry go ahead there we go sorry your honor we have a double mute system to ensure that we are not heard when we're not supposed to be so I'm here now thank you uh good morning and may please the court my name is Craig premise I represent Boeing the appellee cross appellant in the case addressing first the trade secret claim that dismissal dismissal should be affirmed because Alabama's two-year statute of limitations applies and it applies for two reasons first is the district court held below under the party's contract in Alabama's Lex Loci doctrine Alabama law applies to a tort claim like this one and second as this court pointed out with its question to the parties in Alabama statutes of limitations are presumptively procedural such that the Alabama limitation period will apply unless another state's limitation period is part of a statute of creation and by definition and I believe miss Daniels left this out a statute of creation only exists where it creates a new cause of action that did not exist at common law that is the other part of the test established by the Alabama supreme court in cases like precision gear and and we provided two cases last night that are closely analogous here we have judge Heiko's decision in Reese which surveys the history of Alabama supreme court law on statutes of creation and notably recognizes the requirement that it create a new cause of action that didn't exist at common law and then we provided a district court case in Illinois which applies the statute of creation doctrine to this very situation looking at statutes of limitation in connection with trade secrets acts and there the court held that it was procedural because the act codified pre-existing common law and that's clearly the case with Missouri we provided a supreme court counsel can I ask you about the contract first before you continue with with this because obviously the contract is clear we don't need to get to this part of it so the contract has you know two clauses that relate to choice of law the first is relating to interpretation of the contract we all agree that that that doesn't apply here at least with regard to in terms of the choice of law analysis the second part deals with the rights and obligations of the parties to the agreement why why is PEMCO's right not to have its property appropriated and Boeing's obligation to make sure that it's not that the property is not misappropriated and its obligation to pay or to compensate if it is not included as part of that well as a matter of contract the contract claim for the taking of that property would be covered by Missouri law and that fits within the plain language of the statute the question presented is whether that extends to a separate tort claim that does not have a breach of contract or any requirement of a contract under Missouri law as an element of the claim so it's separate and independent and it's a tort claim the plain language of this provision clearly refers to this agreement twice the agreement on its face the scope of the problem here's the problem with that analysis though counsel what it says in that clause is the rights and obligations of the agreement it's modifying parties not modifying the rights and obligations so in other words the rights and obligations are not those that are defined in the agreement as you've read it and this is just my own reading the rights and obligations as I read it or I'm sorry the to the agreement refers to those of the parties and here it's clear that that one party has a right not to have its property misappropriated and the other part has an obligation to ensure that's not the case and also to compensate if it is so I guess my question to you again is why would that not be covered by this clause yes your honor I think really three responses the first is the provision itself just focusing on section 11 refers to interpretation of the agreement and interpretation of the rights and liabilities the parties to the agreement I don't think that that's not a fair reading because interpretation doesn't modify rights and obligations it would if they might there there was a comma set off after interpretation maybe but I don't see how under the disbursement the way we disperse verbs or nouns and sentences that this would apply to that so I I'm having trouble understanding that what are your other two I understand yes your honor this NDA agreement is it has to be looked at in context and if you take a step back the parties entered into a memorandum of agreement which is governed the party's business relationship to its face in section 15 that says that the contract is governed by the law of the state of Missouri it does not extend to uh tort claims and then the NDA is incorporated into the MOA and so and and the MOA provisions apply to it but doesn't the fact that it is a different that the parties went out of its way to say not just refer back to the the clause that's in the main or track the same exact language but instead added something a strong indication that that added something includes what I said what I asked at the beginning which is the right of one party not to have its property misappropriated and the right of another part the obligation of the other party to make sure that doesn't happen and to compensate if it does your honor I don't agree with that because the NDA again on its face says that the only purpose of the NDA is to create obligations limited to those expressly set forth in the contract that's an interesting point too I had to say when I first read that argument in your brief I was really convinced by it but then looking at it that language refers to and it's done a few times rights and liabilities and it's rights and liabilities under this agreement and that phrase is actually used a couple of times this phrase is different it's not rights and liabilities under this agreement it's rights and obligations and it's not under this agreement it's to the parties to this agreement and and doesn't that difference also seem to indicate that it's meant it's meant something different than that term of art that's used earlier and is broader than that no your honor I think if you read the choice of law provision in the context of the whole agreement when we refer to those two other provisions to talk about the rights and obligations of the parties it makes sense the the contract is creating rights and obligations then when you go to the choice of law provision which is going to be addressed to situations where there's a potential breach of the contract or a disagreement over the under the contract it it turns into liabilities and they're the flip side of the same coin it's rights and liabilities earlier in the contract and its obligations under the clause but you have that flipped but I understand yes that's what I'm and and the liabilities and obligations are just flip sides of the same coin legally and where you have uh liabilities in the I believe it's liabilities in the choice of law provision and that makes sense because that's where you would address what law applies to liabilities and the obligations is where it's the contract on its face sets forth what it's creating and so let me ask you let me ask you this I and and I guess I have a very I have a similar question to what Judge Luck asked but a little bit differently which is how how in your reading of this phrase the interpretation of this agreement and the rights and liabilities of the parties to this agreement where is the where's a separate something separate that rights and liabilities of the parties to this agreement what what does it do that the interpretation of this agreement wouldn't do does that make sense sure it does make sense your honor let me address that so for instance uh the the agreement has a limitation of liability provision that provision might require construction or interpretation of particular terms what does it mean there's a separate legal question as to whether that type of term is enforceable under a state's law and that would be addressed to the rights and obligations of the party it may not require any construction or interpretation the provision could be clear as day it's just a exculpatory cause or some other type of cause so there is independent content to the rights and liabilities phrase and what I'm trying to express is that reading it to be limited to contract claims and not tort claims makes sense when you look at it in the context of a contract where it's really just incorporated by reference into a master agreement it'd be very odd to have a subsidiary agreement um open up tort claims where the main contract specifically says that doesn't and so the best way to harmonize them is to read them together council it seems to be a false choice though to say it either is all torts or nothing that I I don't think you need we need to go that far read it that far and read it as an arising under a related to clause which would incorporate every tort under the sun to say that this particular statutory cause of action is a right or obligation that's referenced to the parties to the agreement I mean that seems to you would agree with me uh no I don't because there's no real logical stopping point to the appellant's argument it's if it relates extends to the rights and liabilities that's not true I mean we have case law and so do lots of others that they're arising under or related to can even be uh to third party beneficiaries that aren't even part of the contract um in other words that language is broad enough to include think people that aren't even parties here we're only talking about the rights and obligations of the parties um and and I think that's constrained by those rights and obligations that are created under the agreement including the right to not have uh things misappropriated and for the obligation to make sure that those things aren't disclosed I mean it seems to me that that's the limiting principle isn't it uh well I I don't see that in the language as it's read or advanced by the appellant your honor and I would also suggest that in the 11th circuit there we cited the precedent which shows that the the prototypical language for conveying breath and an intention to go beyond the contract and bring in tort claims is arising under or arising arising under or related to the contract that language is wholly absent here so where you have a master agreement that's limited to contract you have the NDA itself saying it's expressly limited to the rights and obligations set forth in that contract this would be a very odd way to single out one particular tort claim and have that apply it just it's not the most natural reading of this contract by far whereas it can all be harmonized to read be read uh as applying Missouri law just to claims under the contract or claims for breach of the contract or interpretation of the contract and I would say that this this discussion is also Missouri I believe I was saying before that Missouri had applied a trade secrets tort for decades and we cited a case to the this court last night that indicates that the Missouri Uniform Trade Secrets Act incorporated the pre-existing case law under the restatement of torts that governed pre-existing claims that's the analysis in Flavorchem and we believe that Judge Heichel's decision in Reese would reach the exact same outcome because by definition that or to address I guess two cases the one from the Sixth Circuit Bonnack I guess is the way you pronounce that and then the one from the Fourth Circuit Hitachi Credit because the I'm sure you've got responses to those that I guess I'll just pre-say just by saying I agree with you that the normal way you would incorporate tort law is by saying you know any non-spew arising between the parties or what whatever but the Sixth Circuit in Bonnack said all rights and obligations of the parties here too shall be governed by construed in accordance with the laws of the state of Georgia was enough to cover some torts that's very similar to the language we have here and the Fourth Circuit and Hitachi Credit the rights and obligations of the parties here under said you know that was enough to cover some tort claims too so so what do you say about those two cases certainly your honor with regard to Bannock there the claim was for fraud in the inducement of the contract and it was to entirely undo the contract and the court there explicitly said that had the claims only been tangentially related to the franchise relationship we would be much more inclined to find the choice of law provision not applicable so I actually don't agree that Bannock would come out right under Alabama law but even accepting it what it stands for is the proposition that if you're trying to undo the contract entirely that would be a claim affecting the the relationship to the parties to the contract but they said if it was a different claim like the one we have didn't say this but the one we have here where contract is in no way a part of the elements of the cause of action just a separate and independent independent tort the reasoning in Bannock would not apply here and that's true of most of the cases that Alabama aircraft sites in support of their position where there's a claim that the contract itself is invalid or unenforceable and that's not what we have here what about the Hitachi credit case I mean you'd say the same thing there I guess yes your honor yes your honor um are there any other questions on the on um Alabama aircrafts appeal or should I turn with my time left to the spoliation claim your honors we ask that the court reverse the jury verdict and remand back to the district court for a new trial in light of the erroneous rulings in the district court's spoliation order the spoliation doctrine of rule 37e and this court gives the district court an important gatekeeper role given the highly prejudicial nature of an adverse inference instruction and that inference adverse inference instruction may only give be given if two important criteria are met that the duty to preserve had been triggered and that a party deleted that information intent to deprive we have set forth in our brief why we think both of those rulings are wrong but allow me to at the time I have left just to talk about the intent to deprive on that part the district court's ruling is summarized in a paragraph and in that paragraph the district court explicitly states that he was left to speculate as to why the data was destroyed speculation as to why data has gone missing is by definition not available for an adverse inference instruction under rule 37e rule 37e says that negligence is not enough it says that gross negligence is not enough and if I may just conclude that the let me ask you a question can I ask you a question about that I I want you to be able to respond to this because this is an something somewhat different I guess where the district court basically just gave the jury the law of spoliation you know the the instruction says if you find that Boeing was anticipating litigation and that Boeing deleted this information with the intent to deprive then you may infer that the lost information was unfavorable to them if you don't make these is I guess it's your position I just that that instruction was improper because it's required that the court make those findings and not the jury is that is that basically the heart of your position that judges have to make those findings themselves and they can't kind of kick that to the jury to make those findings yes your honor rule 37e the plain language of rule 37e says that the court has to make those findings initially before it may instruct the jury using that language that your honor quoted about inferring that the lost information was unfavorable to a party yeah but usually I guess I guess my point is usually the instruction that you give after spoliation is you know because you would say something like because Boeing destroyed this material you may infer that the loss of information was bad for Boeing right that would be the usual instruction here that's not the instruction that the court gave it gave an instruction that said if you make these findings which you suggest the judge had to make then you may infer and I guess my point is what's in what I mean in it's just unusual but what is improper necessarily about telling the jury you can make these findings if you want to well your honor rule 37e and the advisory committee notes are explicit that this is a hot just to have a court comment on the uh could have been deleted because it was unfavorable to Boeing and that's why Boeing did it that that is a highly prejudicial or potentially highly prejudicial instruction and that before those words can come out of the district court's mouth in an instruction the court has to make its own findings that the party acted with bad faith and with an intent to deprive and here this was an accident the record is completely lacking of any reason why that we we don't because we don't know what was in that information it could have been favorable to Boeing we don't know so the as a matter of law the court cannot allow the jury to infer that it was unfavorable to Boeing unless that critical gatekeeping criterion has been met which is that Boeing intended to deprive Alabama aircraft of its use in litigation and that is wholly lacking on this record and the district court acknowledged it by saying that he had to thank you mr premise rebuttal you have five minutes remaining you're muted there we go i apologize for having to grab my power cord all of a sudden my computer was about to to go but anyway um may it please the court i i do have a few um points uh in rebuttal um and i think i'm going to go back uh to to the court's question and then i'm going to address uh i'd like to address the um reasons why the supplemental uh cases that we received last night uh are not um really relevant actually and um and then finally i'd like to well i want to touch on the fact that the um toward an issue here is inextricably intertwined with the contract finally uh address what time i have to this affiliation issue but going back to um to the question um there are a few other points to to be made uh number one on the supplemental authority uh let's look at the ethridge case that is alabama uh supreme court page 1327 it says law of the other state is of no consequence any other state you look at what alabama how what alabama would say as to whether it is a substantive or a procedural statute of limitations and the test in alabama it's built in if the statute of limitations is built into a substantive statute like we have here trade secrets act then it is substantive that built-in phrase has been used a lot as and interchangeably with this uh intertwined with the rights um again the uh case that we starting off with um the council your opposing counsel says there's another part of ethridge that's important and that is that the whether the cause of action is a purely statutory one or whether it was a statutory one that's based on common law right your honor thank you for asking that because that was just what i was going to say as far as the difference between if you look back at the johnson versus bps direct history that's the proper analysis that's the the alabama analysis um you and and then if you look at the more recent the reese case it has the right result but for the wrong reason uh that was products liability and they that statute just looked at general uh statute of limitations law it was not a built-in and and the alabama supreme court is not looking as as to whether there was some sort of you know prior kind of common law and what i'd like to do now is to reach to the court as we were digging into this issue um the precatory language to the uniform trade secrets act it notes that uh the contribution of of these statutes if you have a substantive statute like this it's the substitution of unitary definitions in the statute things like defining trade secret it's a substitution of that uh um and it sets a single statute of limitations for various property quasi-contractual in violation of fiduciary relationship theories of non-contractual uh liability used at common law and it displaces and that's uh there is a displacement um section 417.463 it displaces these other things these common law theories uh it has a few exceptions to displacement but this was meant to be a statutory creation clear definition new definition new claims within it uh so reist is frankly uh is is it's not the right standards it's not the one that the alabama supreme court uses the johnson case explains the history and the development of the standard in alabama and and we have a built-in statute of limitations here not only that it was a legislative choice decision by the legislature in missouri to use a five-year statute that's a public policy decision now i'm not saying public policy standing alone is going to determine something but i think it's very important if you have a different statute of limitation a more liberal one in missouri and that's what the legislature in that state wanted uh that governs now keep in mind i'm switching over to the to the the contractual issue the nda is a separate contract from the memorandum of agreement the nda says do not use misuse our proprietary information that's contractual yes but it is inextricably intertwined with the tort misappropriation of trade secrets because that's how boeing accessed that's how they got they got pemco's proprietary information through that contract and then they stole it they stole it and it's you can't separate the is not as narrow as my i just want to be clear miss daniel with the few moments you have left you're not claiming that that language incorporates all torts in the same way that a rising out of language does what what i understand you arguing and please correct me if i'm wrong is that the rights and obligations that it refers to are those that are raised by the nda well yes i mean they they the rights and and liabilities to the party so the contract establishes the obligations what they're supposed to do boeing was supposed to protect firewall not use for any other purpose that the the the trade secrets it proprietary information but they violated that so what are the liabilities the liabilities are determined under uh the designated choice of law and that's missouri and uh you just can't separate it out um they're trying to rewrite uh the contract and uh we submit them as we briefed um the the contract is broad enough uh certainly is broad enough under the case law that we cited now um i see my it's red i'll give you i'll give you another another minute to address the spoliation issue so i've got the spoliation order 20 pages 20 pages detailed findings by the court details it sets it out what these what they did uh how they went in and and deleted you know the top guys the guys that were making the pricing decisions the guys that uh got the information this boeing bid on i don't know billion dollar contract came in one percent uh was it appropriate what was it appropriate to submit the question to the jury yes your honor boeing asked boeing fought hard for that we wanted to rest on the on the order we we had a sanctions order and and and boeing said you know they that was so watered down submitting it to the jury boeing was arguing commentary to the rule we are we felt that already had spoliation established if you look at the the language of rule 37 so that and and like the other jury instruction at issue in their cross appeal that that was so watered down from what we submitted and asked the court to do it actually the court was ruling in boeing's favor on both those issues issues it's it's sort of astounding to to see this uh cross appeal where things were submitted to the jury and there's no harmful error there there's just an incredible amount of evidence that this uh data was intentionally deleted uh because it goes to the heart the heart of our claim thank you all right thank you your honor thank you counsel for your very helpful arguments in this case